UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AVIA R. RICE, Individually and On Behalf of All Others Similarly Situated, ET AL., ) ) ) ) Plaintiffs, ) ) VS. ) ) INTERACTIVE LEARNING SYSTEMS, INC., ET AL., ) ) ) Defendants. ) | CIVIL ACTION NO. 3:07-CV-0725-G **ECF** |

## MEMORANDUM OPINION AND ORDER

Before the court are the motions of Interactive Learning Systems, Inc. ("ILS") and Malti Ayyr ("Ayyr") (collectively, "the defendants") to dismiss this case pursuant to FED. R. CIV. P. 12(b)(6) or for a more definite statement under FED. R. CIV. P. 12(e). For the reasons set forth below, the motions are denied.

I. BACKGROUND

This case stems from the defendants' alleged failure to pay overtime wages as required by the Fair Labor Standards Act ("the FLSA"), 29 U.S.C. § 207(a)(1). The

plaintiffs Avia R. Rice, Alberto DeLa Mora Nunez, and Viridiana S. Wallace (collectively, "the plaintiffs") are former employees of ILS and bring this suit on behalf of themselves and all others similarly situated.

## II. ANALYSIS

The defendants ask the court (1) to dismiss the plaintiffs' FLSA claims pursuant to FED. R. CIV. P. 12(b)(6) on the ground that the statute of limitations for those claims has expired or (2) to order the plaintiffs to provide a more definite statement of their claims pursuant FED. R. CIV. P. 12(e).

### A. Legal Standard for Dismissal Under Rule 12(b)(6)

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted. First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing 5B WRIGHT & MILLER § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983).

Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. See *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In addition, a court must not look beyond the pleadings when determining whether a complaint states a claim upon which relief may be granted. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir. 1982), *cert. denied*, 464 U.S. 932 (1983).

B.  Dismissal of FLSA Claims

The defendants ask the court to dismiss the plaintiffs' FLSA claims on the ground that those claims are barred by the FLSA's two-year statute of limitations.[1]

---

[1]  Title 29 U.S.C. §255(a) provides:

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.] . . .

> (a) . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever

(continued...)

The plaintiffs respond that the FLSA provides two separate tolling periods: the two-year period which is applicable to general FLSA claims and a three-year period for "willful" violations of the FLSA. Plaintiffs' Response to Defendants' F.R. Civ. P. 12(b)(6) and 12(e) Motions at 4. The plaintiffs allege in their complaint that the defendants' violation of the FLSA was willful. *See* Plaintiffs' Original Complaint -- Collective Action for Overtime and Individual Actions for Retaliation ("Complaint") ¶¶ 20, 39.

While the court can consider a statute of limitations argument on a Rule 12(b)(6) motion to dismiss, such motion cannot be granted unless the limitations defense is clear on the face of the complaint. See *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003), *cert. denied*, 540 U.S. 1161 (2004). While the defendants are correct that the complaint does not specify the time period involved, *see* Defendants' Memorandum in Support of FRCP 12(b)(6) and 12(e) Motions at 2, there is no affirmative duty on the plaintiffs to plead facts in their complaint necessary to defeat

---

[1](...continued)
        barred unless commenced within two years after the cause
        of action accrued, except that a cause of action arising out
        of a willful violation may be commenced within three years
        after the cause of action accrued . . .

a statute of limitations defense.[2]  Because the limitations defense is not clear on the face of the complaint, the motion to dismiss is denied.

C.  Motion for a More Definite Statement

The defendants move in the alternative for a more definite statement pursuant to FED. R. CIV. P. 12(e).  The defendants allege that the complaint is so vague that they cannot adequately respond to it because (1) the plaintiffs failed to name which of the two defendants owes overtime pay and (2) the complaint neither specifies the number of uncompensated hours of overtime worked by the plaintiffs nor the amount of money to which they are entitled.  Defendants' F.R. CIV. P. 12(b)(6) and 12(e) Motions at 2.

When a party moves for a more definite statement, the court must determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading.  *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).  The defendants' first objection -- that they cannot determine which defendant is alleged to owe the overtime pay -- is not sufficient to require the plaintiffs to amend their complaint.  The complaint refers collectively to ILS and Ayyr as "Defendants."  *See* Plaintiffs' Original Complaint ¶ 36 (alleging that

---

[2] Discovery may demonstrate that the alleged actions occurred outside the applicable period of limitations.  However, such a possibility does not change the prematurity of the instant motion.  If discovery indeed proves that some or all of the plaintiffs' claims are barred by 29 U.S.C. § 255(a), an argument to that effect can be made on a motion for summary judgment.

"Defendants" violated the FLSA by not paying overtime wages). All allegations in the complaint are asserted against both defendants. The court is satisfied that these allegations are sufficiently pled to require a response.

The defendants' second basis for their Rule 12(e) motion is that the plaintiffs' complaint fails to specify both the number of uncompensated hours and the amount of money owed. Federal Rule of Civil Procedure 8(a)(2) requires that a claimant give "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8(a)(2), a plaintiff's complaint is not required to set out detailed facts about the claim; rather, it need only notify the defendant as to the nature of the claim against them and the grounds upon which that claim rests. See *Charles E. Beard, Inc. v. Cameronics Technology Corporation*, 120 F.R.D. 40, 41 (E.D. Tex. 1988), *aff'd*, 939 F.2d 280 (5th Cir. 1991). Furthermore, Rule 12(e) cannot be used as a substitute for discovery, and a motion under it should be denied if the information that the defendant requests can be obtained through discovery. *Mitchell*, 269 F.2d at 132; *Babcock & Wilcox Company v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006); *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 640 (S.D. Tex. 2001). Applying these principles to the instant motion, the court finds that the plaintiffs' complaint is sufficiently pled. The complaint provides the defendants with a short, plain statement of the nature of the claim and the grounds therefor. Furthermore, the information requested in the

motion can be obtained through discovery. Consequently, the motion for a more definite statement is denied.

### III. CONCLUSION

For the reasons stated above, the defendants' motion to dismiss and motion for a more definite statement are **DENIED**.

**SO ORDERED**.

August 10, 2007.

_____
A. JOE FISH
CHIEF JUDGE